```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
FRANK VALLETTA                     :
                                   :
v.                                 :    CIV. NO. 3:08CV1267 (WWE)
                                   :
                                   :
METRO NORTH RR CO                  :
                                   :
```

RULING ON DEFENDANT'S MOTION TO COMPEL [Doc. #13]

Pending is Defendant's Motion to Compel [Doc. #13]. The Court heard oral argument on December 11, 2009 and, after careful consideration, rules as follows.

Introduction

The plaintiff is a Metro North employee who was injured on October 7, 2005 while operating a floor cleaning machine in the New Haven Shop where trains are repaired. The plaintiff did not miss any time from work until almost two years later when, in November of 2007, he had to undergo carpal tunnel surgery for his right hand followed two weeks later by surgery on his right shoulder. As a result of the October 7, 2005 accident, the plaintiff was unable to work at Metro North from November 19, 2007 through March 5, 2008, when he returned to work.

Since the mid 1980s, the plaintiff has run a part time business, Valletta Tile & Marble, where he does mostly kitchen backsplashes and other small tile projects.

1

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery.  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Discovery at Issue

Metro North seeks materials and information "that would indicate whether the plaintiff engaged in his second business during the period of time he was out of work with Metro North due to his alleged injuries."  Mot. to Comp. pp. 1-2.  Metro North claims such information is relevant if it shows the plaintiff earned more money while not working at Metro North and that the information may be relevant to show the plaintiff was able to work for his tile business while he was not working for Metro North. Id.

2

1. Requests for Production

Request for Production No. 1 seeks, "complete tax returns, including all schedules and attachments, pertaining to Valletta Tile & Marble, filed for years 2003 through the present." Plaintiff agreed to provide Metro-North with his complete tax returns for 2005, 2006, 2007 and 2008, provided the parties enter a protective order. Request No. 1 is granted. The parties are to submit a proposed protective order and plaintiff is to comply with the request for tax years 2004, 2005, 2006, 2007 and 2008.

Request for Production No. 2 seeks, "all documents, including by not limited to records, notes, invoices, receipts, memoranda, and correspondence, created or received in connection with Valletta Tile & Marble from 2003 through the present." Plaintiff objects to the request as overly broad and unduly burdensome because it covers a six year time period and is not limited in any manner to type of documents sought. Request No. 2 is granted in part; plaintiff is to identify the jobs on which he worked during the time period he was absent from Metro North and the amount of money earned from those jobs.

2. Interrogatories

Defendant also moves to compel plaintiff to answer Interrogatories Nos. 1 and 2. Interrogatory No. 1 asks, "the gross income the plaintiff earned at Valletta Tile for 2003, 2004, 2005, 2006, 2007, 2008, and 2009," and Interrogatory No. 2

3

seeks, "the net income the plaintiff earned at Valletta Tile for the same years."  Plaintiff objects because plaintiff is not claiming lost wages for Valletta Tile as a result of his injury.  Interrogatories Nos. 1 and 2 are denied as moot since the Court has ordered plaintiff to provide his tax returns from 2004, 2005, 2006, 2007, and 2008.

Accordingly, Defendant's Motion to Compel **[Doc. #13]** is **GRANTED in part and DENIED in part**.  Compliance with this ruling is to be made within ten (10) days.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is order of the Court unless reversed or modified by the district judge upon motion timely made.


ENTERED at Bridgeport this 18th day of December 2009.

                              /s/
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE

4